FILED
IN CLERKS OFFICE
2023 JUN 12 PM 12: 34
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMMONWEALTH OF MASSACHUSETTS

**FEDERAL DIVISION,**            **UNITED STATES DISTRICT**

                                 **FEDERAL TRIAL COURT**

### DISTRICT OF MASSACHUSETTS

Suffolk Superior Court Case No. 2384-CV-00897

Civil Action No. 1:23-cv-11272

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAYAN TOBY | * | **REMOVAL FROM DISTRICT COURT** |
| PLAINTIFF | * | **TO SUFFOLK SUPERIOR COURT** |
| VS | * | **PURSUANT TO** G.L. c. 231, § 104. |
| JEFFREY GENNETTE | * | |
| DEFENDANT | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REMOVAL FROM DISTRICT COURT TO SUFFOLK SUPERIOR COURT PURSUANT TO ( General Law - Part III, Title II, Chapter 231, Section 104).

Plaintiff Rayan Toby respectfully desires and exercise his right under ( General Law - Part III, Title II, Chapter 231, Section 104 – Removal From District Court To Suffolk Superior Court) to transfer back this above Civil Action No. 1:23-cv-11272 -Rayan Toby Vs Jeffrey Gennette to the superior court which this action needs to remand to the Superior Court of the State of Massachusetts, County of Suffolk.

…..                                        Page 1

The dismissal *with prejudice* with this district court on two (2) Action *(Rayan Toby Vs Jeffrey Gennette on Case No. 1:22-cv-11338-IT)* and *(Rayan Toby Vs Jeffrey Gennette Case No. 1:22-cv-10829-IT)* about the same incident and same defendant means that the *plaintiff* Rayan Toby has the rights to have the case remand in the superior court and the defendant *cannot* refile and bring the same claim again in this court. The reason that dismissal with prejudice prevents subsequent refiling is because this type of dismissal is considered an "adjudication *on the merits*." An *adjudication* on the merits means that the court has made a determination on the legal and factual issues of the claim. Once a plaintiff's claim is adjudicated on the merits, the defendant cannot bring the same claim or transfer the case back to the same court again. The source of this rule lies in the doctrine of *res judicata*.

This action as a matter of law with the dismissal on two (2) incendent means that dismissal with prejudice prevents subsequent refiling is because this type of dismissal is considered an "adjudication on the merits." So, this case has to remand to the Superior Court of the State of Massachusetts, County of Suffolk pursuant to (28 U.S.C § 1447(c). Because defendant Jeffrey Gennette has its principal place of business in Massachusetts, removal is improper under (28 U.S.C. § 1441(b).

….                                       *Page 2*

PREJUDICE. Upon the adjudication on the merits the court must transfer the proceeding against that defendant pursuant to *(General Law - Part III, Title II, Chapter 231, Section 104).* to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

When ruling on transferring and to remand, a district court must resolve all contested issues of substantive fact and any uncertainties as to the current state of controlling law in favor of the plaintiff. *See Brown v. Francis,* 75 F.3d 860, 865 (9th Cir. 1995).

The plaintiff contends that the amount in this case exceeded the "Jurisdictional Limits of this Court, then the plaintiff stipulates to that effect on the record. Pursuant to *(M.G.L. Chapter 239, § 2 Jurisdiction; venue; form of writ)* the Suffolk Superior Court has jurisdiction over the matter and the matter should be remanded and transferred pursuant to (General Law – Part III, Title II, Chapter 231, Section 104 – Removal from District Court To Superior Court) in the superior court.
Plaintiff Rayan Toby is entitled to a trial on all counts in his complaint and with respect to the court the defendant REMOVAL should be REVERSE, and the case must be RAMAND to the Superior Court pursuant to (General Law – Part III, Title II, Chapter 231, Section 104 – Removal from District Court To Superior Court) This above action has to have reconsider the dismissal with prejudice and be REMAND to the Suffolk superior court.

…. Page 3

The Plaintiff Rayan has motioned and desires to exercise his rights to this court to Remove this *Civil Action No. 1:23-cv-11272* pursuant *(General Law - Part III, Title II, Chapter 231, Section 104) - Removal from district court to superior court.*

This Action was brought and transferred to this court by the same defendant on two (2) separate occasion and was Dismissed with prejudice See Rayan (Toby Vs Jeffrey Gennette on Case No. 1:22-cv-11338-IT) and (Rayan Toby Vs Jeffrey Gennette Case No. 1:22-cv-10829-IT) and both was dismissed "With Prejudice". Plaintiff Desires to exercise his rights to transfer this *Civil Action No. Rayan Toby Vs Jeffrey Gennette 1:23-cv-11272* under (General Law - Part III, Title II, Chapter 231, Section 104 - Removal from district court to superior court) to have a trial because this action cannot have a trial in this court because the defendant in this action had bring this action on two (2) different Docket No. (Rayan Toby Vs Jeffrey Gennette on Case No. 1:22-cv-11338-IT) and (Rayan Toby Vs Jeffrey Gennette Case No. 1:22-cv-10829-IT) and it was dismissed with prejudice.

The dismissal with prejudice was ruled by TALWANI, D.J order of dismissal with prejudice on docket No. (Rayan Toby Vs Jeffrey Gennette *1:22-cv-10829-IT) and (Rayan Toby Vs Jeffrey Gennette 1:22-cv-11338-IT)*. *See Exhibit (1) And Exhibit (2) of Dismissal with Prejudice.*

This action was removed by the defendant from the Suffolk Superior Court to this District Court. The lawsuit is $7 million which is over the limit for this District Court. The plaintiff desires to exercise his rights under (General Law - Part III, Title II, Chapter 231, Section 104 - Removal from district court to superior court) to remove this action to the Suffolk Superior Court. The Suffolk Superior Court under (M.G.L. Chapter 239, § 2 Jurisdiction; venue; form of writ) has jurisdiction over this amount claim which this District Court does not have.

The case before us Action No. *Rayan Toby Vs Jeffrey Gennette No. 1:23-cv-11272* the plaintiff desires to exercise his Human Rights under (22 U.S.C. 2304 – Human Rights) to have a fair trial. The plaintiff also desires to exercise his right under (G.L. Part I, Title XV, Chapter 93, Section 102 Equal Rights) to transfer back this above *Civil Action No. Rayan Toby Vs Jeffrey Gennette 1:23-cv-11272* back to the Suffolk Superior Court under provision (General Law - Part III, Title II, Chapter 231, Section 104 - Removal from district court to superior court) to remove this action to the Suffolk Superior Court. The Suffolk Superior Court has the power under (M.G.L. Chapter 239, § 2 Jurisdiction; venue; form of writ) that has jurisdiction over this amount of claim which this District Court does not have.

Respectfully Submitted

Rayan Toby

91 Ames Street, Box # C243, Dorchester M.A 02124

Email: rayantoby@gmail.com

Phone: 857-385-6192                    RE-Sign: *Rayan Toby*

....                                    Page 5