UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYAN TOBY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:23-cv-11272-IT |
| | * |
| JEFFREY GENNETTE, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

July 10, 2023

TALWANI, D.J.

Plaintiff Rayan Toby, proceeding pro se, initiated this action in Plymouth County Superior Court against Jeffrey Gennette, the Chairman and Chief Executive Officer of Macy's Inc. ("Macy's"). Gennette removed the action to federal court and filed a Motion to Dismiss [Doc. No. 5], which Toby opposes, see Pl.'s Opp. [Doc. No. 7]. Toby moved to remand to state court, Pl.'s Mot. to Remand [Doc. No. 4], which Gennette opposes, Def.'s Opp. [Doc. No. 8]. For the reasons herein, Toby's Motion to Remand [Doc. No. 4] is DENIED and Gennette's Motion to Dismiss [Doc. No. 5] is GRANTED.

**I.   Background**

Toby has now filed three state court actions against Gennette alleging harassment, employment discrimination, wrongful termination, violation of Toby's civil rights, and various other statutory violations related to his termination from Macy's, and Gennette has removed each action to this court.

A.   *The First Action*

On April 26, 2022, Toby brought a civil action against Gennette in Suffolk County

Superior Court (the "First Action"). First Action Compl., 22-cv-10829 [#1-1]. On June 1, 2022, Gennette removed the First Action to this court, Not. of Removal, 22-cv-10829 [#1], and on June 8, 2022, he moved to dismiss the First Action for failure to state a claim. Mot. to Dismiss, 22-cv-10829 [#6].

Toby did not file a response and this court ordered him to show cause why the action should not be dismissed for failure to state a claim. Order to Show Cause, 22-cv-10829 [#10]. Again, Toby filed no response, and the court dismissed his complaint with prejudice on August 5, 2022. Order of Dismissal, 22-cv-10829 [#11].

B.    *The Second Action*

On June 6, 2022, while the First Action was pending in this court, Toby filed another action against Gennette, this time in Plymouth County Superior Court (the "Second Action"). Second Action Compl., 22-cv-11338 [#1-1]. On July 21, 2022, Toby filed an amended complaint in the Second Action, primarily providing a new address for Gennette. Second Action Compl., 22-cv-11338 [#6-1]. On August 19, 2022, Gennette removed the Second Action to federal court. See Not. of Removal, 22-cv-11338 [#1].

On August 26, 2022, Toby moved to remand and Gennette moved to dismiss. Mot. to Remand, 22-cv-11338 [#7]; Mot. to Dismiss, 22-cv-11338 [#4]. The court granted Gennette's motion to dismiss, finding the claims barred by res judicata, where the First Action was dismissed with prejudice. Mem. & Order, 22-cv-11338 [#12].

C.    *The Third Action*

Toby filed the instant action in Suffolk County Superior Court on April 13, 2023 (the "Third Action"). Compl., State Court Record 2 [Doc. No. 9-1]. On May 15, 2023, Toby filed the pending Amended Complaint [Doc. No. 1-1]. Toby again alleges harassment, employment

discrimination, and wrongful termination based on various alleged state and federal statutory causes of action. Id. Gennette removed to federal court, asserting both diversity and federal question jurisdiction. Not. of Removal [Doc. No. 1]. On June 12, 2023, Toby filed a Motion to Remand [Doc. No. 4], which Gennette opposes, Def.'s Opp. [Doc. No. 8]. On June 13, 2023, Gennette moved to dismiss Toby's claims as being barred by res judicata, and for failure to state a claim upon which relief can be granted, Mot. to Dismiss [Doc. No. 5], which Toby opposes, Pl.'s Opp. [Doc. No. 7].[1]

## II.   Discussion

Gennette contends that this action is barred by the doctrine of res judicata, and that Toby has failed to allege sufficient facts to state a claim upon which relief can be granted. Mot. to Dismiss 1 [Doc. No. 5]. Although Toby opposes dismissal, he appears to concede that res judicata applies, but that as a result, the court should remand the case to state court. Mot. to Remand 2 [Doc. No. 4]. Additionally, Toby argues that the court does not have jurisdiction over the case because $7 million in controversy is greater than the court's jurisdictional limits. Mot. to Remand 3 [Doc. No. 4].

As an initial matter, the court has subject matter jurisdiction over Toby's claims. "When a civil action is originally filed in state court, removal to federal court is proper only if the action could have initially been brought in federal court." Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 34 (1st Cir. 2013); see 28 U.S.C. § 1441(a). The Supreme Court "has established that a district court properly exercises jurisdiction under [28 U.S.C.] Section

---

[1] Gennette also asserts he has not been properly served, see Def.'s Mot. 1, n.3 [Doc. No. 5]; Mem. in Supp. 4, n.6 [Doc. No. 6], but has not moved for dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5). The court finds lack of service of process waived.

1331 when a plaintiff's complaint is based on a right conferred under federal law." Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc., 352 F.3d 33, 36 (1st Cir. 2003). "A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 833 (1st Cir. 1997); see 28 U.S.C. § 1367(a).

Gennette removed the Third Action to this court based on the existence of a federal question under 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332. Not. of Removal ¶¶ 5-7 [Doc. No. 1]. Toby's Complaint [Doc. No. 1-1] cites several federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1983, and 22 U.S.C. § 2304, as bases for his claims. Id. Accordingly, the court finds exercise of jurisdiction proper under 28 U.S.C. § 1331 where Toby asserts federal claims.

Toby also asserts state law claims under M.G.L c. 12 § 11H for harassment and other unlawful workplace practices, M.G.L. c. 93 § 102 for denial of equal rights based on sex, race, color, creed, or national origin, and M.G.L. c. 265 § 37 for criminal deprivation of constitutional rights by force. See Am. Compl. 5 [Doc. No. 1-1]. These claims are based Toby's alleged harassment and wrongful termination by Macy's employees. Id. at 6-11. Because the court finds that the state law claims arise from the same nucleus of operative fact as the federal claims, supplemental jurisdiction over Toby's state law claims is proper.

In his Motion to Remand [Doc. No. 4], Toby asserts that the district court lacks jurisdiction over this action where the amount in controversy, $7 million, is greater than the jurisdictional limits of the district court. Id. at 3. While the District Court for the Commonwealth of Massachusetts has jurisdiction over cases under M.G.L. c. 218 § 19 only if "there is no

reasonable likelihood that recovery by the plaintiff will exceed [$50,000]," the federal district courts have no such upper limit.

Toby contends further that the effect the two prior dismissals is to bar relitigation of the case in federal district court, thus precluding Gennette's removal and justifying remand. Id. at 2. This argument misconstrues the doctrine of res judicata. Res judicata applies equally to bar claims in both federal and state court. Under Massachusetts law, "[c]laim preclusion makes a valid, final judgment conclusive on the parties…and prevents relitigation of all matters that were or could have been adjudicated in the action." Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843, 832 N.E.2d 628 (2005) (quoting O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259, 700 N.E.2d 530 (1998)). Because a final judgment issued from the federal district court on August 5, 2022, Toby is precluded by the doctrine of res judicata from bringing the claim in any court, including state court, see Order of Dismissal, 22-cv-10829 [#11], and is not entitled to remand on this ground. Instead, the court finds that Toby's claims are again barred by the doctrine of res judicata. "Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). "Under federal law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Thus, the elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id.

The first element—a final judgment on the merits in an earlier action—is satisfied where the court has twice dismissed with prejudice Toby's claims against Gennette. In the First Action,

z

the court dismissed the complaint for failure to state a claim after Toby filed no response to the motion to dismiss or to the court's order for him to show cause as to why that action should not be dismissed. See Order of Dismissal, 22-cv-10829 [#11]; Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). The court found that the Second Action was barred by res judicata and dismissed it with prejudice. See Mem. & Order, 22-cv-11338 [#12]. The dismissal of the Second Action was therefore also a decision on the merits. See Fed. R. Civ. P. 41(b) (an involuntary dismissal other than for lack of jurisdiction, improper venue, or failure to join a required party is a dismissal on the merits); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506-07 (2001).

The second element—sufficient identicality between the causes of action asserted in the earlier and later suits—is satisfied where "[t]he substance of the cause of action that [Toby] asserts is materially identical" in all three actions. In re Colonial Mortg. Bankers Corp., 324 F.3d at 17. Specifically, Toby alleges in all three actions that he was harassed, discriminated against, and wrongfully terminated by Macy's. Although Toby brings claims in the Third Action under some different statutes than the First Action or Second Action,[2] that does not defeat preclusion. Because res judicata is determined transactionally, it does not bar merely the claims that were raised in the prior action, but also any claims that could have been raised if they derive from a common nucleus of operative facts. Breneman v. United States ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004). Therefore, Toby's additional statutory claims are barred despite not being raised in the First Action or Second Action because they arose from a common nucleus of operative

---

[2] In addition to alleged statutory violations in the Second Action, Toby alleges violations of 22 U.S.C. § 2304, M.G.L. c. 93 § 102, and M.G.L. c. 265 § 37 in the Third Action.

facts.

The third element—sufficient identicality between the parties in the two actions—is also satisfied where Toby has brought the claim against Gennette in both cases.

Accordingly, where the court has twice dismissed Toby's claims against Gennette with prejudice, Order of Dismissal, 22-cv-10829 [#11] (dismissing Toby's claims under Fed. R. Civ. P. 12(b)(6)); Mem. & Order, 22-cv-11338 [#12] (finding that Toby's claims were barred by res judicata), the doctrine of res judicata applies as to Toby's claims in his Amended Complaint [Doc. No. 1-1] in the Third Action, and the complaint is dismissed with prejudice.[3]

### III. Conclusion

For the foregoing reasons, Toby's Motion to Remand [Doc. No. 4] is DENIED and Gennette's Motion to Dismiss [Doc. No. 5] is GRANTED.[4]

IT IS SO ORDERED

July 10, 2023

/s/      Indira Talwani
United States District Judge

---

[3] Gennette argues in the alternative that Toby's claims should be dismissed for failure to state a claim on the grounds that Toby's Amended Complaint [Doc. No. 1-1] contains no allegation of conduct by Gennette (or allegations that would be sufficient to state claims against any person or entity), Toby failed to exhaust his administrative remedy and to any claim under Title VII, claims under M.G.L. c. 12 § 11H are barred if a claim is available under M.G.L. c. 115B, private rights of action are not available under 22 U.S.C. § 2304 (a foreign relations statute dealing with military aid in support of human rights) or M.G.L. c. 265 § 37 (a criminal statute), and that Toby's common law claim for wrongful termination fails where he has not alleged any facts to suggest that he was not an at-will employee. Def.'s Mem. in Supp. [Doc. No. 6]. Toby did not respond to these arguments in his Opposition [Doc. No. 7]. The court notes that even if the case was not barred by res judicata, there is nothing in the record to suggest that Toby would have a basis to proceed with this action.

[4] Gennette requests that the court advise Toby against further litigation, and that continued repetitive litigation could result in injunctive and/or monetary sanctions. The court has the authority to enjoin parties, even pro se parties, who engage in frivolous or vexatious litigation from making further filings without leave of the court. See, e.g., United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005). Toby should be aware that future attempts to bring identical claims may give rise to sanctions.